IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO._____ |
| v. | : | DATE FILED_____ |
| GEORGE BAGINYAN | : | VIOLATIONS: |
| | | 18 U.S.C. § 1347 (health care |
| | : | fraud  – 86 counts) |
| | | 18 U.S.C. § 287 (false claims – |
| | : | 86 counts) |
| | | 18 U.S.C. § 1028A (aggravated |
| | : | identity theft  – 5 counts) |
| | | 18 U.S.C. § 2 |
| | : | Notice of forfeiture |

## I N D I C T M E N T

## COUNTS ONE THROUGH EIGHTY-SIX

**(Health Care Fraud)**

THE GRAND JURY CHARGES THAT:

At all times material to this indictment

## INTRODUCTION

### Defendant

1.      Defendant GEORGE BAGINYAN was a naturalized citizen of the United States who entered the United States from Armenia in or about 1997.

2.      Defendant GEORGE BAGINYAN was the owner and a corporate officer of New Era Health Center, Inc. ("New Era"), a Pennsylvania corporation that claimed to provide health care services and diagnostic tests to Medicare beneficiaries.  From in or around December 2008 through December 2009, defendant BAGINYAN – through New Era – submitted more than

1

$248,000 in claims to the Medicare Program for physician services purportedly provided by a physician who never worked for New Era and never actually provided services to the Medicare beneficiaries.  As a result of this fraudulent conduct, defendant BAGINYAN obtained approximately $132,848.81 in payments from Medicare.

       3.      New Era had a business address of 1335 West Tabor Road, Suite 311, Philadelphia PA 19141-3038.

### The Medicare Program

       4.      The Medicare Program ("Medicare") was a federal health care program providing benefits to persons who were over the age of 65 or disabled.  Medicare was a "health care benefit program" as defined by Title 18, United States Code, Section 24(b).

       5.      Medicare was administered by the Centers for Medicare and Medicaid Services ("CMS"), an agency of the United States Department of Health and Human Services ("HHS").  Individuals who received benefits under Medicare were often referred to as "Medicare beneficiaries."

       6.      Medicare Part B authorized payment for certain physician services, outpatient services, and other services, that were medically necessary and were ordered by a licensed physician, or other qualified health care providers.

       7.      Payments under the Medicare Program were often made directly to a provider of the services, rather than to the beneficiary.  This occurred when the provider accepted assignment of the right to payment from the beneficiary.  In that case, the provider submitted the claim to Medicare for payment, either directly or through a billing company.

8.      Various entities were under contract to provide services to CMS. Medicare Part B was administered in Pennsylvania by Highmark Medicare Services, which, pursuant to a contract with the United States Department of Health and Human Services, served as a contracted carrier to receive, adjudicate and pay Medicare Part B claims submitted to it by Medicare beneficiaries, physicians, or suppliers of health care items and services.

9.      Physicians, clinics and other health care providers that provided services to Medicare beneficiaries were able to apply for and obtain a "provider number." In the application, the provider acknowledged that to be able to participate in the Medicare Program, the provider was required to comply with all Medicare-related laws and regulations. A health care provider who was issued a Medicare provider number was able to file claims with Medicare to obtain reimbursement for services provided to Medicare beneficiaries.

10.     In addition, the Centers for Medicare and Medicaid Services ("CMS") required the use of National Provider Identifier ("NPI") numbers as the only health care provider identifier that could be used for identification purposes in standard transactions by covered entities (i.e., health plans, health care clearinghouses, and those health care providers who transmit any health information in electronic form in connection with a transaction for which the Secretary of Health and Human Services has adopted a standard). Any health care provider (individual or organization) who sent electronic health care claims to a health plan, was a covered provider that was required to obtain an NPI. The NPI was a ten (10) digit numerical number unique to the health care provider. The purpose of the NPI was to uniquely identify a health care provider in standard transactions, such as health care claims. As a result, in order to submit claims for payment of services, billing entities (such as New Era) were typically required

3

to provide the code for the services rendered and were required to provide the NPI for the professional who provided services to the patient.  The NPI number was used to identify the individual physicians who were authorized to provide services and to provide reimbursement for the services actually provided by those health care providers.

11.     After obtaining a Medicare provider number and an NPI number, the physician or clinic then submitted or caused the claims to be submitted to an entity that processed those claims for CMS.  For example, in Pennsylvania, claims for most Part B services were submitted to Highmark Medicare Services.

12.     In order to bill Medicare for services rendered, physicians, clinics and other health care providers submitted a claims form, Form 1500, to Highmark Medicare Services.  When Form 1500 was submitted, usually in electronic form, the provider certified that the contents of the form were true, correct, complete, and that the form was prepared in compliance with the laws and regulations governing the Medicare Program.

13.     A Medicare claim was required to set forth, among other things, the beneficiary's name and Medicare identification number, the services provided for the beneficiary, the date the services were provided, the cost of the services, and the name and rendering NPI number of the health care provider who rendered the services.

14.     As a general rule, Medicare Part B would cover the provision of health care services to Medicare beneficiaries.  Such services were paid for by Medicare Part B if, among other requirements, they were ordered by a treating physician and were medically necessary.

4

## THE HEALTH CARE FRAUD SCHEME

It was part of the scheme to defraud that:

15.     On or about October 9, 2008, defendant GEORGE BAGINYAN forged and caused to be forged the signature of a doctor of osteopathic medicine known to the grand jury, referred to here as Dr. No. 1, on a letter to Highmark Medicare Services seeking the release of Dr. No. 1's Medicare provider number.

16.     On or about November 17, 2008, defendant GEORGE BAGINYAN applied to Medicare for New Era to become an approved Medicare provider as a multi-specialty clinic, and falsely represented to Medicare that Dr. No. 1 was a physician who worked for New Era.

17.     On or about January 2, 2009, defendant GEORGE BAGINYAN contracted with a billing company known to the grand jury, falsely representing to that billing company that Dr. No. 1 was a physician who worked for New Era.

18.     Dr. No. 1 never worked for New Era.  Dr. No. 1 never treated any Medicare beneficiaries on behalf on New Era.  Dr. No. 1 never authorized defendant GEORGE BAGINYAN or any other person to use his name or his NPI in connection with claims to the Medicare program by New Era.

19.     From on or about January 22, 2009 until on or about October 12, 2009, through the billing company, defendant GEORGE BAGINYAN submitted fraudulent claims to Medicare, falsely stating that Dr. No. 1 had provided services and tests to Medicare beneficiaries on behalf of New Era.

20.     From in or about December 2008 through December 2009, in Philadelphia, in the Eastern District of Pennsylvania, and elsewhere, the defendant,

**GEORGE BAGINYAN,**

in connection with the delivery of and payment for health care benefits, items and services, did knowingly and willfully executed a scheme and artifice to defraud Medicare, a health care benefit program affecting commerce, as defined in Title 18, United States Code, Section 24(b), and to obtain, by means of false and fraudulent pretenses, representations, and promises, money and property owned by and under the custody and control of Medicare, that is: the defendant caused the submission of claims to Medicare, through Highmark Medicare Services, that falsely and fraudulently sought reimbursement for health care services and that falsely and fraudulently failed to disclose the fact that no health care services were actually provided to the Medicare beneficiaries listed below, on or about the dates below, in the approximate amounts listed below (each claim constituting a separate count of this indictment):

| Count | Beneficiary | Medicare Claim Number | Claim Date | Description of Service | Amount Paid by Medicare |
|-------|-------------|----------------------|------------|------------------------|-------------------------|
| 1 | L.S. | 1809044140600 | 2/13/2009 | Various Scans; Office Visit | $464.70 |
| 2 | D.W. | 1809044140640 | 2/13/2009 | Nerve Conduction Tests | $560.88 |
| 3 | J.B. | 1809047130070 | 2/16/2009 | Various Scans; Office Visit | $300.01 |
| 4 | D.D. | 1809049384530 | 2/18/2009 | Nerve Conduction Tests | $718.19 |
| 5 | M.I. | 1809055082340 | 2/24/2009 | Various Scans; Office Visit | $376.60 |

| Count | Beneficiary | Medicare Claim Number | Claim Date | Description of Service | Amount Paid by Medicare |
|---|---|---|---|---|---|
| 6 | L.S. | 1809072328780 | 3/13/2009 | Allergy Test | $384.21 |
| 7 | J.H. | 1809072328810 | 3/13/2009 | Nerve Conduction Tests | $597.98 |
| 8 | S.A. | 1809072328820 | 3/13/2009 | Various Scans; Pulmonary Function Tests | $304.21 |
| 9 | S.A. | 1809072328830 | 3/13/2009 | Vestibular Function Tests | $335.60 |
| 10 | D.D. | 1809072328850 | 3/13/2009 | Allergy Test | $384.21 |
| 11 | M.K. | 1809076091810 | 3/17/2009 | Nerve Conduction Tests | $622.19 |
| 12 | M.W. | 1809078102040 | 3/19/2009 | Nerve Conduction Tests | $722.30 |
| 13 | M.W. | 1809078102090 | 3/19/2009 | Ultrasound; Pulmonary Function Test; Office Visit | $474.58 |
| 14 | J.R. | 1809089139540 | 3/30/2009 | Vestibular Function Tests | $317.68 |
| 15 | J.R. | 1809089139650 | 3/30/2009 | Various Scans; Allergy Test; Office Visit | $757.68 |
| 16 | A.B | 1809089139660 | 3/30/2009 | Various Scans; Office Visit | $554.89 |
| 17 | R.B. | 1809090477590 | 3/31/2009 | Various Scans; Office Visit | $679.93 |
| 18 | L.J. | 1809092384410 | 4/2/2009 | Various Scans; Allergy Test; Office Visit | $637.97 |
| 19 | L.J. | 1809092384420 | 4/2/2009 | Vestibular Function Tests | $317.68 |

7

| Count | Beneficiary | Medicare Claim Number | Claim Date | Description of Service | Amount Paid by Medicare |
|-------|-------------|-----------------------|------------|-----------------------|-------------------------|
| 20 | W.T. | 1809096225760 | 4/6/2009 | MRI | $735.12 |
| 21 | W.T. | 1809096225780 | 4/6/2009 | Vestibular Function Tests | $317.68 |
| 22 | W.T. | 1809096225830 | 4/6/2009 | MRI; Various Scans; Office Visit | $1,067.02 |
| 23 | A.B | 1809104197000 | 4/14/2009 | Nerve Conduction Tests | $722.30 |
| 24 | O.C. | 1809107244260 | 4/17/2009 | Nerve Conduction Tests | $722.30 |
| 25 | J.F. | 1809107244270 | 4/17/2009 | Various Scans; Allergy Test; Office Visit | $690.35 |
| 26 | J.F. | 1809107244280 | 4/17/2009 | Nerve Conduction Tests | $722.30 |
| 27 | O.C. | 1809107244380 | 4/17/2009 | Various Scans; Pulmonary Function Tests; Office Visit | $462.93 |
| 28 | W.M. | 1809110173180 | 4/20/2009 | Nerve Conduction Tests | $614.30 |
| 29 | W.K. | 1809112150580 | 4/22/2009 | Nerve Conduction Tests | $722.30 |
| 30 | W.K. | 1809112150620 | 4/22/2009 | Various Scans; Office Visit | $756.96 |
| 31 | D.O. | 1809113267040 | 4/23/2009 | Nerve Conduction Tests | $656.88 |
| 32 | J.M. | 1809117116060 | 4/27/2009 | Nerve Conduction Tests | $722.30 |
| 33 | J.M. | 1809117116070 | 4/27/2009 | Vestibular Function Tests | $317.68 |

8

| Count | Beneficiary | Medicare Claim Number | Claim Date | Description of Service | Amount Paid by Medicare |
|-------|-------------|----------------------|------------|----------------------|-------------------------|
| 34 | E.S. | 1809117116140 | 4/27/2009 | Various Scans | $471.39 |
| 35 | E.S. | 1809117116150 | 4/27/2009 | Various Scans | $636.14 |
| 36 | E.L. | 1809117116180 | 4/27/2009 | Various Scans; Allergy Test; Office Visit | $816.76 |
| 37 | E.L. | 1809117116210 | 4/27/2009 | Vestibular Function Tests | $317.68 |
| 38 | C.L. | 1809118423350 | 4/28/2009 | Vestibular Function Tests | $317.68 |
| 39 | C.L. | 1809118423380 | 4/28/2009 | Various Scans; Allergy Test; Office Visit | $862.07 |
| 40 | J.F. | 1809119329610 | 4/29/2009 | Vestibular Function Tests | $317.68 |
| 41 | T.P. | 1809119329630 | 4/29/2009 | Various Scans; Pulmonary Function Tests; Allergy Tests; Office Visit | $550.56 |
| 42 | E.L. | 1809119329640 | 4/29/2009 | Nerve Conduction Tests | $722.30 |
| 43 | R.B. | 1809119329660 | 4/29/2009 | Various Scans; Pulmonary Function Tests; Allergy Tests; Office Visit | $731.72 |
| 44 | F.B. | 1809120262400 | 4/30/2009 | Various Scans; Allergy Test; Office Visit | $774.87 |
| 45 | F.B. | 1809120262430 | 4/30/2009 | Nerve Conduction Tests | $722.30 |

| Count | Beneficiary | Medicare Claim Number | Claim Date | Description of Service | Amount Paid by Medicare |
|-------|-------------|----------------------|------------|----------------------|------------------------|
| 46 | T.S. | 1809120262460 | 4/30/2009 | Pulmonary Function Tests; Allergy Test | $494.35 |
| 47 | T.S. | 1809120262480 | 4/30/2009 | Nerve Conduction Tests | $656.88 |
| 48 | H.V. | 1809124202620 | 5/4/2009 | Vestibular Function Tests | $317.68 |
| 49 | H.V. | 1809124202660 | 5/4/2009 | Allergy Test; Office Visit | $560.98 |
| 50 | M.T. | 1809126190990 | 5/6/2009 | Various Scans; Office Visit | $334.71 |
| 51 | M.T. | 1809126191000 | 5/6/2009 | Nerve Conduction Tests | $722.30 |
| 52 | M.I. | 1809126191020 | 5/6/2009 | Allergy Test: Office Visit | $472.16 |
| 53 | M.I. | 1809126191030 | 5/6/2009 | Nerve Conduction Tests | $722.30 |
| 54 | A.R. | 1809126191070 | 5/6/2009 | Allergy Test; Office Visit | $519.09 |
| 55 | A.R. | 1809126191080 | 5/6/2009 | Vestibular Function Tests | $317.68 |
| 56 | D.O. | 1809127196600 | 5/7/2009 | Nerve Conduction Tests | $722.30 |
| 57 | E.S. | 1809128146490 | 5/8/2009 | Nerve Conduction Tests | $722.30 |
| 58 | J.B. | 1809131173640 | 5/11/2009 | Nerve Conduction Tests | $722.30 |
| 59 | J.T. | 1809142415400 | 5/22/2009 | Various Scans; Office Visit | $482.21 |

| Count | Beneficiary | Medicare Claim Number | Claim Date | Description of Service | Amount Paid by Medicare |
|---|---|---|---|---|---|
| 60 | J.S. | 1809142415420 | 5/22/2009 | Nerve Conduction Tests | $722.30 |
| 61 | C.G. | 1809142415470 | 5/22/2009 | Nerve Conduction Tests | $722.30 |
| 62 | W.M. | 1809142415480 | 5/22/2009 | Pulmonary Function Tests; Allergy Test; Office Visit | $704.14 |
| 63 | J.T. | 1809146252750 | 5/26/2009 | Nerve Conduction Tests | $722.30 |
| 64 | G.H. | 1809147252520 | 5/27/2009 | Nerve Conduction Tests | $656.88 |
| 65 | G.T. | 1809148212550 | 5/27/2009 | EMG; Anorectal Manometry | $348.27 |
| 66 | P.S. | 1809149307280 | 5/29/2009 | Various Scans; Office Visit | $430.04 |
| 67 | P.J. | 1809152161570 | 6/1/2009 | Nerve Conduction Tests | $656.88 |
| 68 | C.S. | 1809154229190 | 6/3/2009 | Nerve Conduction Tests | $722.30 |
| 69 | T.F. | 1809155248890 | 6/4/2009 | Nerve Conduction Tests | $722.30 |
| 70 | J.B. | 1809161273660 | 6/10/2009 | Nerve Conduction Tests | $656.88 |
| 71 | L.W. | 1809162192640 | 6/11/2009 | Various Scans | $434.07 |
| 72 | D.B. | 1809162192670 | 6/11/2009 | Venipucture; Various Scans; Office Visit | $320.52 |
| 73 | L.W. | 1809162192690 | 6/11/2009 | Venipucture; Various Scans; Office Visit | $591.22 |

| Count | Beneficiary | Medicare Claim Number | Claim Date | Description of Service | Amount Paid by Medicare |
|---|---|---|---|---|---|
| 74 | P.F. | 1809167291190 | 6/16/2009 | Nerve Conduction Tests | $722.30 |
| 75 | C.S. | 1809167291240 | 6/16/2009 | Pulmonary Function Tests; Allergy Test; Office Visit | $615.32 |
| 76 | R.S. | 1809170144920 | 6/19/2009 | Allergy Test | $332.16 |
| 77 | W.M. | 1809170144960 | 6/19/2009 | Complex Cystometrogram; Echography; Office Visit | $369.68 |
| 78 | W.M. | 1809170144970 | 6/19/2009 | Various Scans | $467.40 |
| 79 | R.S. | 1809170145070 | 6/19/2009 | Complex Cystometrogram; Echography; Office Visit | $477.68 |
| 80 | J.Z. | 1809177121130 | 6/26/2009 | Nerve Conduction Tests | $722.30 |
| 81 | J.Z. | 1809177121170 | 6/26/2009 | Vestibular Function Tests | $317.68 |
| 82 | E.H. | 1809182328880 | 7/1/2009 | Nerve Conduction Tests | $656.88 |
| 83 | E.H. | 1809182328900 | 7/1/2009 | Vestibular Function Tests | $317.68 |
| 84 | E.H. | 1809182328980 | 7/1/2009 | Various Scans; Office Visit | $482.21 |
| 85 | J.S. | 1809189261720 | 7/8/2009 | Sleep Study | $674.18 |
| 86 | J.Z. | 1809191337440 | 7/10/2009 | Nerve Conduction Tests | $656.88 |

All in violation of Title 18, United States Code, Section 1347.

## COUNTS EIGHTY-SEVEN THROUGH ONE HUNDRED SEVENTY-TWO

### (Submission of False Claims)

**THE GRAND JURY CHARGES FURTHER THAT:**

      1.      Paragraphs 1 through 19 of Counts 1 through 86 are incorporated here.

      2.      On or about the dates below, in Philadelphia in the Eastern District of Pennsylvania and elsewhere, the defendant,

### GEORGE BAGINYAN,

did make and present, and willfully cause the making and presentment, to a person or officer in the civil, military and naval service of the United States, and to a department or agency thereof, each of the following claims upon and against the United States, and a department or agency thereof, knowing such claim to be false, fictitious and fraudulent:

| Count | Beneficiary | Medicare Claim Number | Claim Date | Description of Service | Amount Paid by Medicare |
|-------|-------------|-----------------------|------------|------------------------|-------------------------|
| 87 | L.S. | 1809044140600 | 2/13/2009 | Various Scans; Office Visit | $464.70 |
| 88 | D.W. | 1809044140640 | 2/13/2009 | Nerve Conduction Tests | $560.88 |
| 89 | J.B. | 1809047130070 | 2/16/2009 | Various Scans; Office Visit | $300.01 |
| 90 | D.D. | 1809049384530 | 2/18/2009 | Nerve Conduction Tests | $718.19 |
| 91 | M.I. | 1809055082340 | 2/24/2009 | Various Scans; Office Visit | $376.60 |
| 92 | L.S. | 1809072328780 | 3/13/2009 | Allergy Test | $384.21 |
| 93 | J.H. | 1809072328810 | 3/13/2009 | Nerve Conduction Tests | $597.98 |

13

| Count | Beneficiary | Medicare Claim Number | Claim Date | Description of Service | Amount Paid by Medicare |
|---|---|---|---|---|---|
| 94 | S.A. | 1809072328820 | 3/13/2009 | Various Scans; Pulmonary Function Tests | $304.21 |
| 95 | S.A. | 1809072328830 | 3/13/2009 | Vestibular Function Tests | $335.60 |
| 96 | D.D. | 1809072328850 | 3/13/2009 | Allergy Test | $384.21 |
| 97 | M.K. | 1809076091810 | 3/17/2009 | Nerve Conduction Tests | $622.19 |
| 98 | M.W. | 1809078102040 | 3/19/2009 | Nerve Conduction Tests | $722.30 |
| 99 | M.W. | 1809078102090 | 3/19/2009 | Ultrasound; Pulmonary Function Test; Office Visit | $474.58 |
| 100 | J.R. | 1809089139540 | 3/30/2009 | Vestibular Function Tests | $317.68 |
| 101 | J.R. | 1809089139650 | 3/30/2009 | Various Scans; Allergy Test; Office Visit | $757.68 |
| 102 | A.B | 1809089139660 | 3/30/2009 | Various Scans; Office Visit | $554.89 |
| 103 | R.B. | 1809090477590 | 3/31/2009 | Various Scans; Office Visit | $679.93 |
| 104 | L.J. | 1809092384410 | 4/2/2009 | Various Scans; Allergy Test; Office Visit | $637.97 |
| 105 | L.J. | 1809092384420 | 4/2/2009 | Vestibular Function Tests | $317.68 |
| 106 | W.T. | 1809096225760 | 4/6/2009 | MRI | $735.12 |
| 107 | W.T. | 1809096225780 | 4/6/2009 | Vestibular Function Tests | $317.68 |

| Count | Beneficiary | Medicare Claim Number | Claim Date | Description of Service | Amount Paid by Medicare |
|-------|-------------|----------------------|------------|----------------------|------------------------|
| 108 | W.T. | 1809096225830 | 4/6/2009 | MRI; Various Scans; Office Visit | $1,067.02 |
| 109 | A.B | 1809104197000 | 4/14/2009 | Nerve Conduction Tests | $722.30 |
| 110 | O.C. | 1809107244260 | 4/17/2009 | Nerve Conduction Tests | $722.30 |
| 111 | J.F. | 1809107244270 | 4/17/2009 | Various Scans; Allergy Test; Office Visit | $690.35 |
| 112 | J.F. | 1809107244280 | 4/17/2009 | Nerve Conduction Tests | $722.30 |
| 113 | O.C. | 1809107244380 | 4/17/2009 | Various Scans; Pulmonary Function Tests; Office Visit | $462.93 |
| 114 | W.M. | 1809110173180 | 4/20/2009 | Nerve Conduction Tests | $614.30 |
| 115 | W.K. | 1809112150580 | 4/22/2009 | Nerve Conduction Tests | $722.30 |
| 116 | W.K. | 1809112150620 | 4/22/2009 | Various Scans; Office Visit | $756.96 |
| 117 | D.O. | 1809113267040 | 4/23/2009 | Nerve Conduction Tests | $656.88 |
| 118 | J.M. | 1809117116060 | 4/27/2009 | Nerve Conduction Tests | $722.30 |
| 119 | J.M. | 1809117116070 | 4/27/2009 | Vestibular Function Tests | $317.68 |
| 120 | E.S. | 1809117116140 | 4/27/2009 | Various Scans | $471.39 |
| 121 | E.S. | 1809117116150 | 4/27/2009 | Various Scans | $636.14 |

| Count | Beneficiary | Medicare Claim Number | Claim Date | Description of Service | Amount Paid by Medicare |
|---|---|---|---|---|---|
| 122 | E.L. | 1809117116180 | 4/27/2009 | Various Scans; Allergy Test; Office Visit | $816.76 |
| 123 | E.L. | 1809117116210 | 4/27/2009 | Vestibular Function Tests | $317.68 |
| 124 | C.L. | 1809118423350 | 4/28/2009 | Vestibular Function Tests | $317.68 |
| 125 | C.L. | 1809118423380 | 4/28/2009 | Various Scans; Allergy Test; Office Visit | $862.07 |
| 126 | J.F. | 1809119329610 | 4/29/2009 | Vestibular Function Tests | $317.68 |
| 127 | T.P. | 1809119329630 | 4/29/2009 | Various Scans; Pulmonary Function Tests; Allergy Tests; Office Visit | $550.56 |
| 128 | E.L. | 1809119329640 | 4/29/2009 | Nerve Conduction Tests | $722.30 |
| 129 | R.B. | 1809119329660 | 4/29/2009 | Various Scans; Pulmonary Function Tests; Allergy Tests; Office Visit | $731.72 |
| 130 | F.B. | 1809120262400 | 4/30/2009 | Various Scans; Allergy Test; Office Visit | $774.87 |
| 131 | F.B. | 1809120262430 | 4/30/2009 | Nerve Conduction Tests | $722.30 |
| 132 | T.S. | 1809120262460 | 4/30/2009 | Pulmonary Function Tests; Allergy Test | $494.35 |

| Count | Beneficiary | Medicare Claim Number | Claim Date | Description of Service | Amount Paid by Medicare |
|-------|-------------|-----------------------|------------|------------------------|-------------------------|
| 133 | T.S. | 1809120262480 | 4/30/2009 | Nerve Conduction Tests | $656.88 |
| 134 | H.V. | 1809124202620 | 5/4/2009 | Vestibular Function Tests | $317.68 |
| 135 | H.V. | 1809124202660 | 5/4/2009 | Allergy Test; Office Visit | $560.98 |
| 136 | M.T. | 1809126190990 | 5/6/2009 | Various Scans; Office Visit | $334.71 |
| 137 | M.T. | 1809126191000 | 5/6/2009 | Nerve Conduction Tests | $722.30 |
| 138 | M.I. | 1809126191020 | 5/6/2009 | Allergy Test: Office Visit | $472.16 |
| 139 | M.I. | 1809126191030 | 5/6/2009 | Nerve Conduction Tests | $722.30 |
| 140 | A.R. | 1809126191070 | 5/6/2009 | Allergy Test; Office Visit | $519.09 |
| 141 | A.R. | 1809126191080 | 5/6/2009 | Vestibular Function Tests | $317.68 |
| 142 | D.O. | 1809127196600 | 5/7/2009 | Nerve Conduction Tests | $722.30 |
| 143 | E.S. | 1809128146490 | 5/8/2009 | Nerve Conduction Tests | $722.30 |
| 144 | J.B. | 1809131173640 | 5/11/2009 | Nerve Conduction Tests | $722.30 |
| 145 | J.T. | 1809142415400 | 5/22/2009 | Various Scans; Office Visit | $482.21 |
| 146 | J.S. | 1809142415420 | 5/22/2009 | Nerve Conduction Tests | $722.30 |
| 147 | C.G. | 1809142415470 | 5/22/2009 | Nerve Conduction Tests | $722.30 |

| Count | Beneficiary | Medicare Claim Number | Claim Date | Description of Service | Amount Paid by Medicare |
|-------|-------------|----------------------|------------|----------------------|------------------------|
| 148 | W.M. | 1809142415480 | 5/22/2009 | Pulmonary Function Tests; Allergy Test; Office Visit | $704.14 |
| 149 | J.T. | 1809146252750 | 5/26/2009 | Nerve Conduction Tests | $722.30 |
| 150 | G.H. | 1809147252520 | 5/27/2009 | Nerve Conduction Tests | $656.88 |
| 151 | G.T. | 1809148212550 | 5/27/2009 | EMG; Anorectal Manometry | $348.27 |
| 152 | P.S. | 1809149307280 | 5/29/2009 | Various Scans; Office Visit | $430.04 |
| 153 | P.J. | 1809152161570 | 6/1/2009 | Nerve Conduction Tests | $656.88 |
| 154 | C.S. | 1809154229190 | 6/3/2009 | Nerve Conduction Tests | $722.30 |
| 155 | T.F. | 1809155248890 | 6/4/2009 | Nerve Conduction Tests | $722.30 |
| 156 | J.B. | 1809161273660 | 6/10/2009 | Nerve Conduction Tests | $656.88 |
| 157 | L.W. | 1809162192640 | 6/11/2009 | Various Scans | $434.07 |
| 158 | D.B. | 1809162192670 | 6/11/2009 | Venipucture; Various Scans; Office Visit | $320.52 |
| 159 | L.W. | 1809162192690 | 6/11/2009 | Venipucture; Various Scans; Office Visit | $591.22 |
| 160 | P.F. | 1809167291190 | 6/16/2009 | Nerve Conduction Tests | $722.30 |

| Count | Beneficiary | Medicare Claim Number | Claim Date | Description of Service | Amount Paid by Medicare |
|-------|-------------|-----------------------|------------|------------------------|-------------------------|
| 161 | C.S. | 1809167291240 | 6/16/2009 | Pulmonary Function Tests; Allergy Test; Office Visit | $615.32 |
| 162 | R.S. | 1809170144920 | 6/19/2009 | Allergy Test | $332.16 |
| 163 | W.M. | 1809170144960 | 6/19/2009 | Complex CystometrogramEchography; Office Visit | $369.68 |
| 164 | W.M. | 1809170144970 | 6/19/2009 | Various Scans | $467.40 |
| 165 | R.S. | 1809170145070 | 6/19/2009 | Complex Cystometrogram; Echography; Office Visit | $477.68 |
| 166 | J.Z. | 1809177121130 | 6/26/2009 | Nerve Conduction Tests | $722.30 |
| 167 | J.Z. | 1809177121170 | 6/26/2009 | Vestibular Function Tests | $317.68 |
| 168 | E.H. | 1809182328880 | 7/1/2009 | Nerve Conduction Tests | $656.88 |
| 169 | E.H. | 1809182328900 | 7/1/2009 | Vestibular Function Tests | $317.68 |
| 170 | E.H. | 1809182328980 | 7/1/2009 | Various Scans; Office Visit | $482.21 |
| 171 | J.S. | 1809189261720 | 7/8/2009 | Sleep Study | $674.18 |
| 172 | J.Z. | 1809191337440 | 7/10/2009 | Nerve Conduction Tests | $656.88 |

In violation of Title 18, United States Code, Sections 287 and 2(b).

19

## COUNTS 173 THROUGH  THROUGH 177

### (Aggravated Identity Theft)

**THE GRAND JURY FURTHER CHARGES THAT:**

1.　　Paragraphs 1 through 19 of Counts 1 through 86 are incorporated here.

2.　　On or about each of the dates identified below, in the Eastern District of Pennsylvania, the defendant

### GEORGE BAGINYAN,

during and in relation to a health care fraud offense in violation of Title 18, United States Code, Section 1347, as alleged in Counts One through Eighty-Seven, did knowingly use, without lawful authority, a means of identification of another person, that is, the name and National Provider Identifier ("NPI") number of the physician identified below:

| Count | Approximate Date of "Service" | Approximate Date of Fraudulent Use of Name and National Provider Identification Number | Beneficiary | Physician Whose Name and National Provider Identifier Number were Fraudulently Used |
|---|---|---|---|---|
| 173 | 2/14/2009 | 2/18/2009 | D.D. | Dr. No. 1 |
| 174 | 3/24/2009 | 3/30/2009 | J.R. | Dr. No. 1 |
| 175 | 4/2/2009 | 4/6/2009 | W.T. | Dr. No. 1 |
| 176 | 6/15/2009 | 6/19/2009 | R.S. | Dr. No. 1 |
| 177 | 7/6/2009 | 7/8/2009 | J.S. | Dr. No. 1 |

All in violation of Title 18, United States Code, Section 1028A(a)(1), (c).

## NOTICE OF FORFEITURE

**THE GRAND JURY CHARGES FURTHER THAT:**

1.       As a result of the violations of Title 18, United States Code, Sections 1347 and 287, as charged in this indictment, the defendant,

### GEORGE BAGINYAN,

shall forfeit to the United States any and all property, real or personal, involved in such offenses, or any property traceable to such property, including, but not limited to a sum of money equal to $132,848.81 in United States Currency.

2.       If any of the forfeitable property, as describe above, as a result of any act or omission of the defendant:

(a)       cannot be located upon the exercise of due diligence;

(b)       has been transferred or sold to, or deposited with, a third party;

(c)       has been placed beyond the jurisdiction of the Court

(d)       has been substantially diminished in value;

(e)       has been commingled with other property which cannot be

divided without difficulty; it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the property described above.

In violation of Title 18, United States Code, Section 982(a)(7).

A TRUE BILL:

_____
GRAND JURY FOREPERSON

ZANE DAVID MEMEGER
UNITED STATES ATTORNEY

22